UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELLE M. STEPHEN for ROBERT GAR
STEPHEN,

                    Plaintiff,

-vs-                                    Case No. 6:04-cv-598-Orl-22JGG

JO ANNE B. BARNHART,
Commissioner of Social Security,

                    Defendant.
_____

## REPORT AND RECOMMENDATION

On behalf of her son, Robert Gar Stephen ["Robert"], plaintiff Michelle M. Stephen ["Stephen"] appeals to the district court from a final decision of the Commissioner of Social Security [the "Commissioner"] denying his application for child's survivor benefits. *See* Docket No. 1 (complaint). For the reasons set forth below, the Commissioner's decision should be **AFFIRMED**.

**I.    BACKGROUND**

The facts are undisputed.[1] Stephen is Robert's mother and guardian. Stephen and her late husband, Gar Stephen ["Gar"], were married on October 25, 1997. R. 43, 45. Gar died of a heart attack on November 17, 1997. R. 77. The following day, Stephen had Gar's sperm extracted from his deceased body and cryo-preserved. R. 70-74, 77, 110. After several unsuccessful in vitro

---

[1]The Government does not dispute the material facts in this case. *See* Def.'s Brief at 2 [Docket No. 14]. Therefore, the Court adopts as true the following facts from Plaintiff's brief. The facts are consistent with the findings of the Administrative Law Judge.

fertilization attempts beginning in July 1998, Stephen gave birth to Robert on June 20, 2001. R. 76, 78. Stephen and Gar Stephen are both listed as the parents on the birth certificate. R. 76.

On April 16, 2002, Stephen filed an application for surviving child's benefits on behalf of her infant son, Robert.[2] The Social Security Administration denied the application for SSI benefits initially and on reconsideration. *See* R. 83-84 (requests for reconsideration and for administrative hearing). The Honorable James R. Ciaravino, Administrative Law Judge ["ALJ"], conducted a hearing on December 3, 2003, in Orlando, Florida. R. 99-120. Stephen testified, and her attorney, Shea A. Fugate, appeared with her at the hearing. R. 99. On January 30, 2004, the ALJ issued his four-page recommended decision finding that Robert was not entitled to surviving child's benefits on the account of Gar, his late father. R. 9-12.

The ALJ reasoned as follows. The Social Security Act entitles a claimant to a child's insurance benefits only if he was a dependent child of the fully insured parent (the wage earner) *at the time of the wage earner's death*. 42 U.S.C. § 402 (d)(1)(C); 42 U.S.C. § 416 (e); R. 10, 11, Finding 3. Congress directed the Commissioner to apply state intestate property law in determining whether an applicant is the "child" of an insured individual. 42 U.S.C. § 416 (h)(2)(A), (h)(3)(C). The ALJ applied Florida law, Gar's domicile at that time of his death. R. 10. Florida Statute § 742.17 provides that a child conceived from the sperm of a person who died before the transfer of his sperm to a woman's body is not eligible for a claim against the decedent's estate unless the decedent provided for the child in the decedent's will. R. 11, Finding 6. Having determined that there was no

---

[2]The application does not appear in the record.

evidence that Gar provided for Robert in a will, the ALJ concluded that Robert was not entitled to child's survivor's benefits. R. 12.

On March 1, 2004, the Appeals Council adopted the ALJ's recommended decision, and held that Robert was not entitled to child's insurance benefits. R. 5. On April 26, 2004, Stephen timely appealed the Appeals Council's decision to the United States District Court. Docket No. 1. On January 18, 2005, Stephen filed a memorandum of law in support of her appeal of the denial of review. Docket No. 13. On March 21, 2005, the Commissioner filed a memorandum in support of her decision that Robert was not entitled to child's survivor benefits. Docket No. 14. The appeal is ripe for determination.[3]

## II. THE PARTIES' POSITIONS

Stephen argues that a posthumously-conceived child of a father who died while fully and currently insured is entitled to child's insurance benefits. Specifically, Stephens argues: 1.) that the Commissioner erred in finding that Robert does not qualify as a "child;" and 2.) that Robert does not have to demonstrate actual proof of dependency because he is deemed by law dependent on the insured wage earner. Pl.'s Brief at 4-10. In support, Stephens relies on a decision of the United States Court of Appeals for the Ninth Circuit, *Gillet-Netting v. Barnhart*, 371 F.3d 593, 596 (9th Cir. 2004). The Commissioner responds that the ALJ correctly determined that Robert did not qualify as a "child" under the Social Security Act because Robert was not dependent upon Gar at the time of Gar's death, and because Gar did not provide for Robert in a will pursuant to Florida law. Def.'s Brief at 4-22.

---

[3]Robert was 2 years, 9 months old at the time of the Appeals Council's decision. He is now four years old.

## III. THE STANDARD OF REVIEW

### A. Affirmance

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

### B. Reversal and Remand

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405 (g)(Sentence Four). The district court will reverse a

Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994); *accord, Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). This Court may reverse the decision of the Commissioner, and order an award of benefits, where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes eligibility without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636 - 37 (11th Cir. 1984).

The district court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405 (g); under sentence six of 42 U.S.C. § 405 (g); or under both sentences. *Jackson v. Chater*, 99 F.3d 1086, 1089 - 92, 1095, 1098 (11th Cir. 1996). To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the claim. *Jackson*, 99 F.3d at 1090 - 91; *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980).

Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for her decision. *Falcon v. Heckler*, 732 F.2d 872, 829 - 30 (11th Cir. 1984). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

In contrast, sentence six of 42 U.S.C. § 405 (g) provides:

The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405 (g).

To remand under sentence six, the claimant must establish:  1.) that there is new, non-cumulative evidence; 2.) that the evidence is material —  relevant and probative so that there is a reasonable possibility that it would change the administrative result; and 3.) there is good cause for failure to submit the evidence at the administrative level.  *See Jackson*, 99 F.3d at 1090 - 92;  *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988); *Smith v. Bowen*, 792 F.2d 1547, 1550 (11th Cir. 1986); *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986); *see also Keeton v. Dept. of Health and Human Serv.*, 21 F.3d 1064, 1068 (11th Cir. 1994).

A sentence-six remand may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant.  *Jackson*, 99 F.3d at 1095.  With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact.  *Jackson*, 99 F.3d at 1095.  The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.  *Id*.

IV. **THE LAW**

   A. **Child's Insurance Benefits Under 42 U.S.C. § 402(d)**

The Social Security Act requires the Commissioner to determine whether a child is entitled to receive child's survivors benefits. *See* 42 U.S.C. § 402 (d).[4] Specifically, a child is entitled to a child's survivors benefit if he is the child of an individual who dies while fully or currently insured, provided that the child was dependent upon such individual at the time of the individual's death. *Id.* Just as with Social Security disability appeals, the district courts have jurisdiction to review "any" final decision of the Commissioner denying benefits. 42 U.S.C. § 405 (g).

   B. **Definition of "Child"**

Congress defines the term "child," and also instructs the Commissioner how to determine whether an applicant is a "child" for the purposes of eligibility for child's insurance benefits. Congress defines "child" as "the child or legally adopted child of an individual." 42 U.S.C. 416 (e)(2005). In determining whether an applicant is a "child" of an individual for benefits purposes, Congress instructs the Commissioner to apply the law of the state in which the deceased insured

---

[4] 42 U.S.C. § 402 (d)(2005) provides in relevant part:

(1) Every child (as defined in section 416(e) of this title) of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child —
    (A) has filed application for child's insurance benefits,
    (B) at the time such application was filed was unmarried and (i) either had not attained the age of 18 or was a full-time elementary or secondary school student and had not attained the age of 19, or (ii) is under a disability (as defined in section 423(d) of this title) which began before he attained the age of 22, and
    (C) was dependent upon such individual —
        (i) if such individual is living, at the time such application was filed,
        (ii) if such individual has died, at the time of such death, or
        (iii) if such individual had a period of disability which continued until he became entitled to old-age or disability insurance benefits, or (if he has died) until the month of his death, at the beginning of such period of disability or at the time he became entitled to such benefits, shall be entitled to a child's insurance benefit . . .

individual was domiciled at the time of his death, specifically the law determining the devolution of intestate personal property.[5] 42 U.S.C. § 416 (h)(2)(A)(pertaining to determination of family status). If an applicant does not qualify as a "child" under § 416 (h)(2)(A), Congress provides three other mechanisms for establishing "child" status. *See* 42 U.S.C. § 416 (h)(2)(B) (applicant is deemed "child" if insured and other parent went through marriage ceremony that would have been valid but for certain legal impediments); 42 U.S.C. § 416 (h)(3)(C)(i) (applicant is deemed a "child" if insured had acknowledged paternity in writing, had been decreed by a court to be the parent, or had been ordered to pay child support); 42 U.S.C. § 416 (h)(3)(C)(ii) (applicant is deemed a "child" if there is satisfactory evidence that insured was applicant's parent and insured was living with or supporting the applicant at the time of death).

### C. Regulations Regarding Child Status

The Commissioner has promulgated regulations that further instruct how to determine "child" status. The regulations provide that a claimant may be related to the insured person and entitled to benefits has his "child" in several ways, including as a "natural child." 20 C.F.R. § 404.354 (2005)(captioned "Your relationship to the insured").[6] A child is eligible for benefits as the insured's

---

[5] 42 U.S.C. § 416 (h)(2)(A) provides:

In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Commissioner of Social Security shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or, if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.

[6] 20 C.F.R. § 404.354 provides: "You may be related to the insured person in one of several ways and be entitled to benefits as his or her child, i.e., as a natural child, legally adopted child, stepchild, grandchild, stepgrandchild, or equitably

(continued...)

"natural child" if he could inherit the insured's personal property as his natural child under state inheritance laws. 20 C.F.R. § 404.355 (a)(1).[7]

To decide whether a child has inheritance rights as the natural child of the insured, the Commissioner applies the law on inheritance rights that the state courts use to decide whether the child could inherit a child's share of the insured's personal property if the insured were to die intestate. 20 C.F.R. § 404.355 (b)(1)(pertaining to use of state laws). If the insured is deceased, the Commissioner looks to the laws of the state where the insured had his permanent home when he died. 20 C.F.R. § 404.355 (b)(4)(pertaining to when insured is deceased). The Commissioner applies

---

[6](...continued)
adopted child. For details on how we determine your relationship to the insured person, see §§ 404.355 through 404.359."

[7]20 C.F.R. § 404.355 provides, in relevant part:

(a) Eligibility as a natural child. You may be eligible for benefits as the insured's natural child if any of the following conditions is met:
    (1)  You could inherit the insured's personal property as his or her natural child under State inheritance laws, as described in paragraph (b) of this section.
                  *              *              *
(b) . . . (2) Standards. We will not apply any State inheritance law requirement that an action to establish paternity must be taken within a specified period of time measured from the worker's death or the child's birth, or that an action to establish paternity must have been started or completed before the worker's death. If applicable State inheritance law requires a court determination of paternity, we will not require that you obtain such a determination but will decide your paternity by using the standard of proof that the State court would use as the basis for a determination of paternity.
                    *              *              *
    (4) Insured is deceased. If the insured is deceased, we apply the law of the State where the insured had his or her permanent home when he or she died. We apply the version of State law in effect when we make our final decision on your application for benefits. If you do not qualify as a child of the insured under that version of State law, we will apply the version of State law that was in effect at the time the insured died, or any version of State law in effect from the first month for which you could be entitled to benefits up until our final decision on your application. We will apply whichever version is most beneficial to you. We use the following rules to determine the law in effect as of the date of death:
        (i) If a State inheritance law enacted after the insured's death indicates that the law would be retroactive to the time of death, we will apply that law; or
        (ii)  If the inheritance law in effect at the time of the insured's death was later declared unconstitutional, we will apply the State law which superseded the unconstitutional law.

the law in effect at the time the insured died, or other specified versions of that state's laws if they are more favorable to the claimant. *Id*.

### C. **Florida Intestate Statutes**

Florida statutes govern the determination of parentage and inheritance rights.[8] Under Florida law, a child conceived from the sperm of a person who died before the transfer of sperm to a woman's body is not eligible for a claim against the decedent's estate unless the child has been provided for by the decedent's will. Fla. Stat. § 742.17 (pertaining to "Disposition of eggs, sperm, or preembryos; rights of inheritance")(enacted May 14, 1993, effective May 15, 1993, as amended 1998).[9]

### V. **APPLICATION**

No one disputes that Robert is a "child," in the ordinary sense of the word. Furthermore, no one disputes that Robert is the genetic child of Gar Stephen, that Gar Stephen is Robert's genetic father, and that Robert is Gar's legitimate child. The sole issue is whether Robert is the "child" of Gar

---

[8] This case does not involve an "afterborn heir" within the meaning of Fla. Stat. § 732.106. Under that statute, the heirs of a decedent conceived *before* his death, but born after his death, inherit intestate property as if they had been born in the decedent's lifetime.

[9] Fla. Stat. § 742.17 provides:

A commissioning couple and the treating physician shall enter into a written agreement that provides for the disposition of the commissioning couple's eggs, sperm, and preembryos in the event of a divorce, the death of a spouse, or any other unforeseen circumstance.
    (1) Absent a written agreement, any remaining eggs or sperm shall remain under the control of the party that provides the eggs or sperm.
    (2) Absent a written agreement, decisionmaking authority regarding the disposition of preembryos shall reside jointly with the commissioning couple.
    (3) Absent a written agreement, in the case of the death of one member of the commissioning couple, any eggs, sperm, or preembryos shall remain under the control of the surviving member of the commissioning couple.
    (4) A child conceived from the eggs or sperm of a person or persons who died before the transfer of their eggs, sperm, or preembryos to a woman's body shall not be eligible for a claim against the decedent's estate unless the child has been provided for by the decedent's will.

-10-

Stephen within the narrow meaning of that term in the Social Security Act such that Robert is entitled to receive survivor's benefits. *See* 42 U.S.C. § 402 (d)(1).

Even if Robert were the "child" of Gar within the meaning of 42 U.S.C. § 402 (d)(1) — an individual who died while insured — Robert was not dependent upon Gar at the time of Gar's death on November 17, 1997 as required by 42 U.S.C. § 402 (d)(1)(C). Indeed, Robert was not even born until June 20, 2001, more than three years after Gar's death. Because Robert was not dependent on Gar, the statute is clear that he is not entitled to child's insurance benefits.

In any event, the law is also clear that Robert is not a "child" of Gar within the meaning of 42 U.S.C. § 402 (d)(1). There is no dispute as to choice of law. Gar was domiciled in Florida at the time of his death, so the Florida law of intestate personal property applies. Florida law is also clear. Robert is a child who was conceived from the sperm of a person (Gar) who died before the transfer of sperm to a woman's (Michelle Stephen's) body. Robert is not eligible for a claim against Gar's estate unless Gar provided for Robert in his will.[10] No one claims that Gar left a will. The Commissioner therefore properly determined that Robert cannot claim against Gar's estate under Florida law, that Robert is not a "child" within the meaning of 42 U.S.C. § 402 (d)(1), and that Robert is not entitled to child's survivor benefits.

The Ninth Circuit decision on which claimant relies, *Gillet-Netting v. Barnhart*, 371 F.3d 593, 596 (9th Cir. 2004), does not require a different result. In that case, the Court of Appeals held that two children who had been post-humously conceived from frozen sperm were entitled to survivor benefits

---

[10]Although improbable, it would not be impossible for a parent who contemplates the possibility of post-death fertilization to provide for such a child in a will, perhaps through a trust. In any event, this case would have been more difficult had Gar left a will that provided for "any child of mine" or "any issue of mine" without defining "child" or "issue."

under Arizona law and federal law. Arizona law did not deal specifically with posthumously-conceived children. 371 F.3d at 599. Because the children were "legitimate" children under Arizona law, the Ninth Circuit saw no need to consider whether the children could inherit property from their deceased father under Arizona intestacy law. *Id.* Florida law, however, does deal specifically with posthumously-conceived children. *See* Fla. Stat. § 742.17 (pertaining to "Disposition of eggs, sperm, or preembryos; rights of inheritance"). Congress directs the Commissioner to apply that Florida statute this case. *See* 42 U.S.C. § 416 (h)(2)(A), *accord*, 20 C.F.R. § 404.355 (b)(1).

## VI. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**. Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal. Any party appealing this decision shall file and serve a copy of the oral argument transcript within thirty days of this order.

**RECOMMENDED** this 3rd day of August, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to
All Counsel of Record and *Pro Se* Litigants,
and to:

The Honorable Anne C. Conway

Mary Ann Sloan, Chief Counsel
Dennis R. Williams, Deputy Chief Counsel
Paul Jones, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia      30303-8920

Susan Roark Waldron
Assistant United States Attorney
400 N. Tampa St., Suite 3200
Tampa, FL            33602

The Honorable James R. Ciaravino
Administrative Law Judge
c/o Social Security Administration
Office of Hearings and Appeals
Suite 300, Glenridge Building
3505 Lake Lynda Drive
Orlando, FL          32817